BERNE A. PYRKE, as Commissioner of Agriculture and Markets of the State of New York, Plaintiff, *v.* STANDARD ACCIDENT INSURANCE COMPANY, Defendant.*

Supreme Court, Albany County, September 29, 1931.

*Henry S. Manley, Counsel to Department of Agriculture and Markets*, for the plaintiff.

*Samuel Saltzman*, for the defendant.

McNAMEE, J. The action is brought in Albany county to recover on a fidelity bond given to secure the honest accounting by a commission merchant to consignors, pursuant to section 246 of the Agriculture and Markets Law. The bond was given by the defendant insurance company as a condition precedent to the issue of the license of the commission merchant, as required by

---

* See, also, 141 Misc. 186; revd., 234 App. Div. ——.

the same section. This right of action is given to the Commissioner by this section in the following language: " The commissioner may bring an action in any court of competent jurisdiction in the county in which is situated the place of business of the licensee." The defendant contends that the language of this statute is mandatory, and requires that the action shall be brought only in the county in which the place of business of the licensee is situated; while the plaintiff's theory is that this language is permissive, and that the action may be brought in another county in the discretion of the Commissioner. An interpretation of the statute, at first glance, appears somewhat further complicated by the fact that the licensee has become a bankrupt and has ceased to do business.

The trustee of the bankrupt is a trust company whose place of business is in New York county, and the estate is still in process of administration. It does not seem that the bankruptcy of the licensee can substantially affect the situation, any more than the removal of the business of the licensee from one location to another in that county. The trustee succeeds to the property and property rights of the bankrupt. The insurance company defendant is making this motion, and may be regarded as having an interest with its principal in the location of the venue of the action. This court has recently decided that the trustee in bankruptcy is a necessary party defendant, although the trustee has not yet been formally brought in. And the place of administration of a bankrupt's estate furnishes substantial if not the same reasons for determining the venue as would the location of the place of business of the licensee. Therefore, the bankruptcy of the licensee does not alter or enlarge the right of the Commissioner to determine the place of trial.

The general rule fixing the place of trial provides that an action in the Supreme Court, with certain exceptions not necessary to note here, must be tried in the county in which one of the parties resided at the commencement thereof, and that if neither of the parties then resided in the State it may be tried in any county which the plaintiff designates for that purpose. (Civ. Prac. Act, § 182.)

While the endeavor must ever be in the construction of a statute to discover the legislative intent, it is also an important rule of construction that the statute shall be given its special meaning if that be reasonably possible within its terms. And it is not only reasonably possible here, but very easy to give the statute in question a meaning and a purpose different and apart from that of the provisions of the Civil Practice Act.

By section 20 of the Agriculture and Markets Law the principal

office of the plaintiff is in the county of Albany, his official residence. And if it were the intent of the statute to make the place of trial a matter of discretion with him, whether he should bring the action in Albany county or in the county where the licensee's business is located, the statute would be meaningless, because the general rule already provided as much.

It is a matter of common knowledge that commission merchants, so called, those who make a business of selling farm produce in the cities in behalf of farmers throughout the country, are located in various parts of the State, and are doubtless found in all the larger cities. It is only reasonable to presume that the amount of farm produce thus disposed of through them is very large, and the number of commission merchants considerable, and the counties of the State in which they are located widely scattered. If all of the litigation thus to be anticipated from this large aggregate of business and the large number of persons involved, and the numerous disputes and failures to be contemplated, were to be concentrated by the Commissioner of Farms and Markets in the county of Albany, it would be a heavy burden upon the courts of that judicial district, and that department; and they would be bearing a large share of that burden that could be wisely distributed to other parts of the State. The allocation of this litigation throughout the State, and guarding against its concentration in a single county, seem clearly to have been the reason and purpose of the Legislature in ordaining that the Commissioner may bring his actions in any court of competent jurisdiction " in the county in which is situated the place of business of the licensee." It seems evident that the Legislature intended that the county of Albany or the Third Judicial District should not care for the litigation arising out of this important statute, when that litigation actually has its origin in perhaps every county, and doubtless every large city of the State.

For these reasons it must be held that the bankruptcy of the licensee, whose estate is still in process of administration, cannot affect the venue of the action; and it must also be held that the statute fixes the place of trial in the county where the licensee has its place of business, that the statute in that particular is mandatory, and that New York is the proper county of trial.

Enter an order accordingly, with ten dollars costs to the defendant.